UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JOE H. ANGUS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 1:16-CV-377-TAV-SKL |
| TENNESSEE DEPARTMENT OF CORRECTIONS, DERRICK SCHOFIELD, JASON WOODALL, PATRICK SPECK, KATHY HARGIS, TOM APPLEGATE, KATY CAMPBELL, PATRICIA ALDRIDGE, JOHN DOE, and JANE DOE, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Joe H. Angus ("Plaintiff") initiated this action when he filed a Complaint on September 13, 2016, alleging constitutional violations pursuant to 28 U.S.C. § 1983 [Doc. 2], along with a motion for leave to proceed *in forma pauperis* [Doc. 1]. On September 29, 2017, the Court screened Plaintiff's Complaint to determine whether, *inter alia*, the pleading failed to state a claim which would entitle Plaintiff to relief under § 1983 [Doc. 7]. The Court determined that "process shall issue to each Defendant on Plaintiff's deliberate indifference claims" [*Id.*]. Additionally, the Court directed the Clerk to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants and ordered Plaintiff to complete the service packets and return them to the Clerk's Office within twenty days of the date of the order [*Id.*]. Plaintiff was forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of

this action [*Id.*].  The order and service packets were sent to Plaintiff at his last known address.  However, Plaintiff failed to respond in any way to the order and has not returned the service packets to the Court as directed.

Thereafter, the Court ordered Plaintiff to show cause within fourteen days explaining why his case should not be dismissed without prejudice for failure to prosecute and/or failure to follow the order of this Court [Doc. 8].  The Court notified Plaintiff that failure to comply with the terms of this order will result in dismissal of his case [*Id.*].  More than fourteen days have passed and Plaintiff has not filed any response to the Court's order to show cause.

Federal Rule of Civil Procedure 41(b) gives the Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  *See, e.g., Nye Capital Appreciation Partners, LLC*, *v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).  Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when analyzing dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is the fault of the Plaintiff. Notably, the order sent to Plaintiff's address on file was not returned to the Court. Plaintiff's failure to respond to the Court's order may be willful (if he received the order and declined to respond), or it may be negligent (if he did not receive the order because he failed to update his address and/or monitor this action). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, in either case, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since Defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure [Doc. 7 p. 8; Doc. 8 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes

that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

<pre>
                              s/ Thomas A. Varlan
                              CHIEF UNITED STATES DISTRICT JUDGE
</pre>